# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0404V
UNPUBLISHED

| | |
|---|---|
| THOMAS BEDELL, an incompetent, by and through his parent, natural guardian and legal guardian, CHRISTINE BEDELL,<br><br>        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | Chief Special Master Corcoran<br><br>Filed: September 25, 2020<br><br>Special Processing Unit (SPU); Petitioner's Motion for a Decision Dismissing the Petition; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Lawrence R. Cohan*, Anapol Weiss, Philadelphia, PA, for petitioner.

*Heather Lynn Pearlman*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION[1]

On March 19, 2019, Christine Bedell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), on behalf of her son, Thomas Bedell. Petitioner alleges that her son suffered Guillain-Barré Syndrome ("GBS") after receiving an influenza vaccine on August 15, 2013. Petition at 1.

On September 25, 2020, Petitioner moved for a decision dismissing her petition, acknowledging that insufficient evidence exists to demonstrate entitlement to

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation. ECF No. 32.[3] Petitioner acknowledged in her motion that neither she nor Respondent has been unable to obtain "any record confirming vaccine administration." *Id.* at ¶ 1. "Without this supporting documentation, Petitioner understands that she will be unable to prove that she is entitled to compensation in the Vaccine Program." *Id.* Petitioner indicated that she "understands that a decision against her by the Special Master dismissing her petition will result in a judgement against her . . . [and] has been advised that such a judgment will end all of her rights in the Vaccine Program." *Id.* at ¶ 3.

To receive compensation under the Program, Petitioner must prove that her son received a vaccine covered by the Vaccine Program and then suffered either 1) a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Examination of the record shows there is no evidence that Petitioner received an influenza vaccine on August 15, 2013 as alleged.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. § 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner received or was injured by a vaccine covered by the Vaccine Program. For these reasons, and in accordance with § 12(d)(3)(A), **Petitioner's claim for compensation is <u>DENIED</u> and this case is <u>DISMISSED</u> for insufficient proof.  The Clerk shall enter judgment accordingly.**[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Although Petitioner filed her motion using the CM/ECF event for a motion to dismiss pursuant to Vaccine Rule 21(a), it is clear that Petitioner intended to file a motion to dismiss which would result in a judgement. Petitioner altered the docket text to include the description "MOTION to Dismiss", and the title of her motion is "Petitioner's Motion for Decision Dismissing Petition." Furthermore, in the motion, Petitioner acknowledges that her request will result in a decision (as opposed to an order concluding proceedings) and later judgement which she can reject to preserve any future civil claim.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.